UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

ISHATDEV RATHORE and
HARMINDER K. RATHORE                    Case No. 12-10100

_____/         Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING APPELLEES MOTION TO DISMISS APPELLANT'S BANKRUPTCY APPEAL**

This matter comes before the Court on Appellees Ishtadev Rathore and Harminder Rathore's motion to dismiss Appellant Mark Chaban's bankruptcy appeal. For the reasons set forth below, Appellees' motion is GRANTED.

**I.   Facts**

On December 14, 2010, Appellant, along with others, filed an action in Macomb County Circuit Court ("UFTA Action") to set aside and recover alleged fraudulent transfers made by Appellees under the M.C.L. § 556.31. (Appellee Mot. 3; Appellant Resp. 2.) Appellant was one of the plaintiffs in that action and Appellees were named as defendants. On October 26, 2011, the court ordered, among other things, that interrogatories and document production were to be completed within fourteen days and that attorneys for the plaintiffs, including Appellant, were disqualified from representing the plaintiffs and new counsel was to enter an appearance within 21 days. (Appellee Mot. 4.)

On November 7, 2011, Appellant filed an involuntary bankruptcy case. Appellees filed a motion to dismiss the bankruptcy and Appellant failed to file a response. On

1

November 29, 2011, the bankruptcy court held a hearing on Appellee's motion to dismiss and Appellant failed to appear at the hearing. On November 30, 2011, the Bankruptcy Court dismissed Appellant's involuntary bankruptcy petition, lifted the automatic stay under 11 U.S.C. 362, and ordered that Appellant pay $500 in costs to Appellee's attorney. On December 1, 2011, the bankruptcy court denied Appellant's objection to the entry of order dismissing the case and for entry of immediate order of relief, which the court treated as a motion for reconsideration. On December 7, 2011, Appellant filed an appeal and requested a stay pending appeal. The bankruptcy court denied Appellant's motion for a stay pending appeal.

Because the bankruptcy was dismissed and there was no stay pending appeal, Appellees requested dismissal of the fraudulent transfer case for Appellant's failure to comply with the Macomb County Circuit Court's October 26, 2011 Order, mandating that interrogatories and document production be completed by November 9, 2011 and new counsel enter an appearance by November 16, 2011. On January 10, the state court granted Appellant's motion and dismissed the claims with prejudice. Paragraph one of the amended complaint, dismissed by the state court, stated that Appellant is a creditor/claimant of Appellees.

**II.     Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

"[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Id.* (internal quotation marks and citation omitted). Thus:

> A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949

3

(internal quotation marks and citation omitted).

## III. Analysis

Appellant brings this appeal, arguing that the bankruptcy court did not have authority to dismiss the case because the Appellees failed to comply with federal and local rules of bankruptcy in their filings, intentionally misled the court by identifying business creditors as personal creditors, and falsely identifying three people as personal creditors who have no liquidated claims. Appellees argue that the appeal should be dismissed because Appellant's claim is barred by res judicata and Appellant lacks standing.

Appellees argue that Appellant is barred from bringing this action because it was required under Michigan's compulsory joiner rule to bring that claim in the UFTA Action and is now barred by res judicata.[1] Under Michigan Court Rules:

> In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

M.C.R. § 2.203(A). A claim in a second action is barred under the doctrine res judicata if: (1) the first action resulted in a final judgment on the merits; (2) both actions are between the same parties; (3) the issue in the second action should have been litigated in the first action; and (4) the claim is identical in both actions. *Hatchett v. United States*, 330 F.3d 875, 886 (6th Cir. 2003).

Appellees argue that all four criteria are met in this case. This Court agrees. First,

---

[1] Appellees make this argument for the first time in their Reply brief, but this issue has been fully briefed and is ripe for determination. Appellant filed a responsive surreply, Appellees filed another "Supplemental Memorandum" on the issue, which was followed by a response from Appellant and another reply by Appellees.

4

the court's dismissal of the UFTA Action was a final judgment on the merits. Michigan Court Rule § 2.504(B)(3) states that an involuntary dismissal operates as an adjudication on the merits. Furthermore, in its January 23, 2012 written opinion, the court explicitly stated that its order was an adjudication on the merits. Second, the actions are between the same parties. Appellant in this case was the plaintiff if the UFTA Action and Appellees in this case were the defendants.

Third, the issue in this case should have been litigated in the UFTA Action. The Michigan Court Rules state that a party must join every claim that it has against the opposing party, if it arises out of the same transaction or occurrence. In the UFTA Action for fraudulent transfers, the debt that Appellees allegedly owed Appellant was the underlying issue and part of the same transaction or occurrence as the fraudulent transfers.

Appellant argues that it was not the same transaction or occurrence because courts have held that the UFTA does not contain any language requiring the debtor transferor must be joined in an action for fraudulent transfers against the transferee. Courts, however, have also consistently held that despite the fact that the statute does not specifically mandate that the debtor be joined in all fraudulent transfer cases, this does not change the fact that "joinder is required of all parties concerned in the controversy . . . to have their respective interests charged or protected, and to end the controversy once for all." *Mather Investors, LLC v. Larson*, 720 N.W.2d 575, 577 (Mich. Ct. App. 2006). The court in *Mather* went on to state, "Because the UFTA clearly does not contain any language requiring joinder of the debtor transferor, we will not imply such a requirement. The dispositive inquiry is whether the circumstances of the individual case permit complete

5

adjudication without joining the debtor transferor." Id. at 578.

In this case, the state court determined that the debtor transferor was a necessary party and that Appellant was required to join Appellees in the UFTA action. At the hearing on May 23, 2012, Appellant stated that the initial complaint in the UFTA Action did not name Appellees as defendants and that Appellees were added in the amended complaint because the court ordered that Appellees be added as parties. The fact that Appellees had to be joined as parties to the UFTA Action provides further support that Appellees were necessary parties because the claims against them for the underlying debt were part of the same transaction or occurrence as the fraudulent transfers and determination of that issue was integral to the UFTA Action being able to result in a complete adjudication of the matter. When Appellant joined Appellees as defendants in the UFTA Action, Appellant should have brought a claim for the underlying debt and adjudicated all claims that Appellant had against Appellees in that one action.

In its dismissal, the state court in the UFTA Action reserved on "the issue of whether this case includes underlying claims other than fraudulent conveyances," but that statement does not absolve Appellant from its duty to bring every claim it had against Appellees that arose out of the same transaction or occurrence. The transaction or occurrence underlying both the UFTA Action and this current appeal is Appellant's claim that Appellees owe Appellant money.

Finally, for similar reasons stated above, the claims in the two cases are identical. Appellant argues that a UFTA action is a claim against the recipients of fraudulently conveyed assets or property to recover back those assets for the benefit of the creditors while a creditor's claim in a bankruptcy appeal is an action for damages against a debtor.

At the point that Appellant joined Appellees in the UFTA Action, however, Appellant was no longer solely seeking a judgment against the recipients of the fraudulently conveyed assets, it was also seeking a judgment against the debtor transferor.  At the point that Appellant joined Appellees as defendants, the underlying claims against Appellees was for the same debt that Appellant claims gives rise to his case against Appellees here.

Appellant is barred by res judicata from pursuing this bankruptcy appeal against Appellees because the underlying creditor claims should have been litigated in the previous action between the parties.  Michigan's compulsory joinder rule required Appellant to bring these claims against Appellees in the UFTA Action and, after failing to do so, Appellant cannot bring them now.

Appellant's claim is barred by res judicata and Appellees' motion to dismiss is GRANTED.[2]

**IV. Conclusion**

For the foregoing reasons, Appellees' motion to dismiss the bankruptcy appeal is GRANTED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  June 12, 2012

---

[2] Appellees also argue that Appellant lacks standing to bring this appeal because the UFTA Action dismissal terminated his status as a creditor/claimant.  Assuming *arguendo* that Appellant has standing, his claim still fails because it is barred by res judicata.

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 12, 2012, by electronic and/or ordinary mail.

    s/Carol A. Hemeyer
    Case Manager