UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In Re:

                                     Case No.  12-10100

    ISHATDEV RATHORE and
    HARMINDER K. RATHORE             Honorable Nancy G. Edmunds

_____/


**OPINION AND ORDER DENYING APPELLEES' MOTION FOR SANCTIONS**


This matter comes before the Court on Appellees Ishtadev Rathore and Harminder Rathore's motion for sanctions against Appellant Mark Chaban.  For the reasons set forth below, Appellees' motion is DENIED.

**I.**    **Facts**

On December 14, 2010, Appellant filed an action in Macomb County Circuit Court ("UFTA Action") to set aside and recover alleged fraudulent transfers made by Appellees under the M.C.L. § 556.31.  (Appellee Mot. 3; Appellant Resp. 2.)

On November 7, 2011, Appellant filed an involuntary bankruptcy case against Appellees.  On November 30, 2011, the Bankruptcy Court dismissed Appellant's involuntary bankruptcy petition.  On December 1, 2011, the bankruptcy court denied Appellant's objection to the entry of order dismissing the case and for entry of immediate order of relief, which the court treated as a motion for reconsideration.  On December 7, 2011, Appellant filed an appeal and requested a stay pending appeal.  The bankruptcy court denied Appellant's motion for a stay pending appeal.

1

Because the bankruptcy was dismissed and there was no stay pending appeal, Appellees requested dismissal of the fraudulent transfer case for Appellant's failure to comply with a court order. On January 10, 2012, the state court granted Appellant's motion and dismissed the claims with prejudice.

On June 12, 2012, this Court granted Appellees' motion to dismiss the bankruptcy appeal because Appellant should have brought the claim in the original UFTA Action and because that action was dismissed with prejudice, it is barred by res judicata.

## II.    Standard

### A.    Rule 11

Rule 11(b) provides that an attorney who submits a pleading to the court, "certifies that to the best of the [attorney]'s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

    (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

    (4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4). Rule 11(b) also "imposes on litigants a continuing duty of

2

candor, and a litigant may be sanctioned for continuing to insist upon a position that is no longer tenable." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009) (internal quotation marks and citation omitted).

If a court determines that Rule 11(b) has been violated, it may impose monetary sanctions on the attorney responsible for the violation. *See id.* (quoting Fed. R. Civ. P. 11(c)(4) ("Rule 11 expressly provides that 'if imposed on motion and warranted for effective deterrence,' sanctions may include 'an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.'"). The test for imposing Rule 11 sanctions "is whether the attorney's conduct was objectively unreasonable under the circumstances." *Nieves v. City of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005). This objective standard is "intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." *Id.* at 353. As the Sixth Circuit observed in *Nieves*, the district court has broad discretion on the issue of Rule 11 sanctions. "Because the district court knows best how to regulate its forum, it has broad discretion in determining when a sanction is warranted and what sanction is appropriate." *Id.*

### B.    28 U.S.C. § 1927

"Section 1927 allows a court to require an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Rentz*, 556 F.3d at 396 (quoting 28 U.S.C. § 1927). An attorney may be sanctioned under § 1927 "without a finding of bad faith, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly

3

obstruct the litigation of nonfrivolous claims."  *Id.* (internal quotation marks and citation omitted).

      **C.**    **Bankruptcy Rule 8020**

"If a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020.  This rule was added to clarify that a district court hearing an appeal has the same authority to award damages and costs to an appellee as Federal Rule of Appellate Procedure 38 gives to appellate courts.  Fed. R. Bankr. P. 8020 advisory committee's note.

**III.**    **Analysis**

Appellees argue that Appellant's briefs opposing the dismissal of the bankruptcy appeal are frivolous and violate Rule 11(b)(2), 28 U.S.C. § 1927, and Bankruptcy Rule 8020.  Specifically, Appellees argue that Appellant knew or should have known that his appeal was barred by res judicata once the state court dismissed the UFTA Action.

Appellant filed his appeal from the involuntary bankruptcy petition on December 7, 2011.  A month later, on January 10, 2012, the state court dismissed the UFTA Action.  Appellees argue that at that point, Appellant knew or should have known that his already pending appeal was barred by res judicata.

Appellant, in his motions to this Court, argued that because his appeal was filed before the state court dismissed its action, it should not be barred by res judicata. Additionally, Appellant argued that the appeal was not barred by res judicata because

4

the two actions were different.  The UFTA Action in state court was to set aside and recover alleged fraudulent transfers, while the bankruptcy petition was an action by a creditor attempting to collect on a debt.  Appellant argued that it was not the same transaction or occurrence because courts have held that the UFTA does not contain any language requiring that the debtor transferor must be joined in an action for fraudulent transfers against the transferee.  Appellant was correct on this point of law and cited several cases to support his argument.

Although this Court ultimately dismissed Appellant's bankruptcy appeal, this Court does not find that Appellant's conduct was objectively unreasonable or that he knew or should have known that his claim was frivolous.  A district court has broad discretion in deciding whether and what sanctions to impose, and this Court finds that sanctions are not appropriate in this case.

## IV.   Conclusion

For the foregoing reasons, Appellees' motion for sanctions is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated:  July 9, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

5